# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES E. THOMAS<br>9071 Mill Creek Road, Apt. 1501<br>Levittown, PA 19054<br><br>        Plaintiff,<br>v.<br><br>GATEHOUSE MEDIA, LLC<br>175 Sully's Trail, 3rd Floor<br>Pittsford, NY 14534<br><br>AND<br><br>GATEHOUSE MEDIA PENNSYLVANIA<br>HOLDINGS, Inc. d/b/a BUCKS COUNTY<br>COURIER TIMES<br>175 Sully's Trail, 3rd Floor<br>Pittsford, NY 14534<br><br>        Defendants. | CIVIL ACTION<br><br>DOCKET NO.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Charles Thomas (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by GateHouse Media, LLC and GateHouse Media Pennsylvania Holdings, Inc. d/b/a Bucks County Courier Times (*hereinafter* referred to as "Defendants," unless indicated otherwise) for violations of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), and the Pennsylvania Human Relations Act

("PHRA").[1] Plaintiff asserts, *inter alia*, that he was unlawfully terminated from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the FMLA, ADEA and the ADA. There lies supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.  This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.  Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.  Plaintiff is an adult individual, with an address as set forth in the caption.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA and ADEA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA and ADEA.

7. Defendant GateHouse Media, LLC is a company in the business of publishing locally-based media in the United States. As of December 2017, Defendant publishes 142 daily newspapers, more than 466 community publications and more than 569 local market websites that reach more than 22 million people each week.

8. Defendant GateHouse Media Pennsylvania Holdings, Inc. d/b/a Bucks County Courier Times is an affiliate of Defendant GateHouse Media, LLC and operates the Bucks County Courier Times at the facility at which Plaintiff worked.

9. Upon information and belief all Defendants overlapped in management and operations of the location at which Plaintiff worked. Upon further information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors - during Plaintiff's employment - Defendants were sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single, joint and/or integrated employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is 58 years old.

13. Plaintiff began working for Defendants' predecessor, Colkins Media, in approximately 2005. In the summer of 2017, Defendants' acquired Colkins Media through the

acquisition of Plaintiff's location. In total, Plaintiff worked for Defendants' and their predecessor for approximately 12 years until his termination in September of 2017.

14. During Plaintiff's tenure with Defendants' and their predecessor, Plaintiff worked in numerous positions, including as a Photo Editor, Supervisor of the Photo Department for three publications and as an Anchor/Video Reporter (the position Plaintiff held at the time of his termination from Defendants).

15. During the relevant time period, Plaintiff's immediate supervisor was Hugh Haynie and he was indirectly supervised by Shane Fitzgerald.

16. During his employment with both Defendants and their predecessor, Plaintiff performed his job very well. Furthermore, Plaintiff was very experienced in the field of media and video/photo editing.

17. Plaintiff has and continues to suffer from various disabilities under the ADA, including but not limited to severe issues with his shoulders for which he requested and took medical leave for while employed with Defendants.

18. Plaintiff's aforesaid health conditions, at times, limit his ability to perform some daily life activities, including but not limited to lifting, performing manual labor, and physical activity and working at times.

19. Despite Plaintiff's aforementioned disabilities and limitations, he was able to perform the duties of his job well; however, Plaintiff did require reasonable medical accommodations at times (including time off and light duty).

20. On or about June 27, 2017, Plaintiff requested and took an approximate 30 day leave of absence to undergo surgery and rehabilitation to his shoulder which was designated by Defendants as FMLA leave.

21. Prior to taking his leave, Plaintiff made his management, including Mr. Haynie, aware that he required the leave due to his need for shoulder surgery rehabilitation, as well Defendants' HR department. .

22. In direct response to advising the company of his need for leave, his management, including Mr. Haynie, began to subject him to hostility based on his need for time off, including emphasizing that Plaintiff's leave would be a hardship and that Plaintiff would need to get ahead of his shoots before going out on leave.

23. Additionally, Mr. Haynie continued to show hostility towards Plaintiff's need for time off during Plaintiff's leave, including by contacting Plaintiff and requiring that Plaintiff perform work at times while Plaintiff was still on FMLA leave.

24. Although Plaintiff's doctor recommended that Plaintiff remain out of work for 9 to 12 weeks following his surgery, Plaintiff returned to work after approximately 4 weeks of leave due to the pressure he was facing to return to work.

25. When Plaintiff returned to work on approximately July 27 of 2017, he was released to work with lifting restrictions. Those lifting restrictions remained in place through the time of his termination in September of 2017.

26. On or about September 8, 2017, approximately 5 weeks after returning from his medical/FMLA leave and requesting reasonable lifting accommodations, Plaintiff was terminated by Defendants allegedly due to a company-wide reduction in force ("RIF").

27. At the time of Plaintiff's separation from Defendants, he was the oldest in his department.

28. Prior to Plaintiff being informed of his termination, Plaintiff's management held a meeting with Plaintiff and all other members of Plaintiff's department to discuss the possible

RIF. During that meeting, Plaintiff's younger, less experienced co-workers were specifically assured that they were "safe" and that they would be either retained in their positions or given new positions within Defendants.

29. Plaintiff was the only person in his department who was not retained and/or moved into an alternative position even though prior to his termination Plaintiff specifically offered to work in a lesser role, take less money or to be converted to any available role within Defendants (including any of the multiple positions Plaintiff held during his 12 year tenure with Defendants and Defendants' predecessor). Furthermore, Plaintiff was more experienced than the younger co-workers who were retrained by the company.

30. Prior to Plaintiff's termination from Defendants, Plaintiff was offered an unsolicited severance package in exchange for waiving any and all claims he may have.[2]

31. Upon information and belief, Plaintiff's job duties were assumed by a younger individual following Plaintiff's termination from Defendants.

32. Therefore, Plaintiff believes and avers that he was terminated from his position with Defendants due to his age, his actual and/or perceived disabilities, in retaliation for requesting medical accommodations and/or for requesting and/or exercising his FMLA rights.

---

[2] *See e.g. Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. May 22, 2013)(an employer who offered severance when policies did not require upon condition of waiving FMLA claim supported finding of pretext in FMLA claim among other facts); *See also Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of claims which are offered *contemporaneously with the notice of termination* are *not* covered by [Rule 408]", and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy).

**First Cause of Action**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
(Age Discrimination)

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. At the time of Plaintiff's separation from Defendants, he was the oldest employee in his department.

35. Prior to Plaintiff being informed of his termination, Plaintiff's management held a meeting with Plaintiff and all other members of Plaintiff's department to discuss the possible RIF. During that meeting, Plaintiff's younger, less experienced co-workers were specifically assured that they were "safe" and that they would be either retained in their positions or given new positions within Defendants.

36. Plaintiff was the only person in his department who was not retained and/or moved into an alternative position even though prior to his termination Plaintiff specifically offered to work in a lesser role, take less money or to be converted to any available role within Defendants (including any of the multiple positions Plaintiff held during his 12 year tenure with Defendants and Defendants' predecessor). Furthermore, Plaintiff was more experienced than the younger co-workers who were retrained by the company.

37. Upon information and belief, Plaintiff's job duties were assumed by a younger individual following Plaintiff's termination from Defendants.

38. These actions as aforesaid constitute unlawful age discrimination under the ADEA.

**Second Cause of Action**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected his ability (at times) to perform some daily life activities, as described *supra.*

41. Plaintiff requested reasonable accommodations from Defendants, including but not limited to a medical leave and lifting accommodations.

42. In response to Plaintiff's health conditions and need for reasonable accommodations, Plaintiff was subjected to hostility and animosity by Defendants' management.

43. Just a few weeks following Plaintiff's medical leave and request for reasonable accommodations, Plaintiff was terminated from Defendants.

44. Plaintiff believes and therefore avers that Defendants discriminated against Plaintiff by terminating his employment because of: (1) his known and/or perceived health problems; (2) his record of impairment; and/or (3) in retaliation for his requests for leave and lifting accommodations.

45. These actions as aforesaid constitute violations of the ADA.

### Third Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

48. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more

calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

49. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

50. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate him;

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Privileged Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 30, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Charles E. Thomas                      CIVIL ACTION

v.

Gatehouse Media, LLC, et al.             NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 4/30/2018 | *(signature)* | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 9071 Mill Creek Road, Apt. 1501, Levittown, PA 19054

Address of Defendant: 175 Sully's Trail, 3rd Floor, Pittsford, NY 14534

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 4/30/2018   _____Attorney-at-Law_____   ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/30/2018   _____Attorney-at-Law_____   ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THOMAS, CHARLES E.

### DEFENDANTS
GATEHOUSE MEDIA, LLC, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Monroe
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); ADEA (29USC621); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, ADEA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/30/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____